UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TERRELL TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-CV-10 JAR |
| ) | |
| JONATHON BROTZ, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Terrell Taylor, a federal pretrial detainee being held in the Dunklin County Detention Center, for leave to commence this action without payment of the required filing fee.[1] The Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will waive the initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

---

[1] On September 21, 2017, plaintiff Terrell Taylor was indicted on federal charges of felon in possession of a firearm, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime. *See USA v. Taylor*, Case No. 1:17-CR-90-RLW, ECF Nos. 1-2. On February 19, 2019, during the pendency of this civil action, plaintiff was sentenced in his criminal case to 87 months imprisonment. *Id.* at ECF No. 89.

*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against defendant Jonathon Brotz, Cape Girardeau City Police Officer. Plaintiff has not indicated in his complaint whether he is bringing this action against defendant in his individual or official capacity.

Plaintiff alleges on June 5, 2017, he was sitting in the driver's seat of a vehicle at 10:15 p.m. parked in a residential parking lot in Cape Girardeau, Missouri. He claims that Police Officer Brotz stopped behind his vehicle. He states that he was in the process of reversing his vehicle when he heard a voice, later identified as Officer Brotz, call out, "Stop, stop, stop, you are going to hit my vehicle." Plaintiff claims he stopped his car, and by the time he put the car in park, his driver's side door was opened by Officer Brotz, and defendant Brotz grabbed his left arm and pulled him from his vehicle. Plaintiff claims that when he was pulled from the vehicle he lost his balance and stumbled and had to grab the driver's side door in order to "keep himself steady." Plaintiff believes that Officer Brotz's actions in removing plaintiff from his vehicle were unlawful use of excessive force.

In his criminal case, plaintiff plead guilty to being a felon in possession of a firearm, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime. At the time of his guilty plea, as well as his sentencing, on February 19,

-2-

2019, plaintiff admitted the Presentence Report as findings of fact before the Court. See also, Acceptance to Presentence Report, *United States v. Taylor*, Case No. 1:17-CR-90-RLW, ECF #80. In the Presentence Report, plaintiff admitted that at the time he was in his vehicle on June 5, 2017, he continued to back up until he struck a patrol vehicle. When officers reached into plaintiff's vehicle and grabbed his left wrist, plaintiff reached toward the right side of his waistband, and upon searching his person, officers found a loaded firearm in his waistband with two baggies of green leafy substance later identified as marijuana in his left pants pocket.

For damages, plaintiff seeks $100 in nominal damages, $1.5 million in compensatory damages, $500,000 in punitive damages and all other necessary and appropriate equitable and monetary relief.

## Discussion

Plaintiff's complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. College*, 72 F.3d 615, 619 (8th Cir.1995); *see also Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Plaintiff's complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, the Court finds that plaintiff's claim of excessive force in violation of the Fourth Amendment in relation to his arrest fails to state a claim upon which relief may be granted. When the plaintiff is an arrestee, the Fourth Amendment's "objective reasonableness" standard controls. *Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Given his guilty plea, his admission of the facts contained in the Presentence Report, and his subsequent sentence in his criminal case as a felon in possession of a firearm, the Court finds little substance to plaintiff's conclusory allegations that he was treated with excessive force by Officer Brotz when he was extricated from his vehicle in conjunction with his arrest. Therefore, the Court finds that plaintiff's assertions of excessive force fails to state a claim in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #3] is **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE